## ENOCH O. GREENLEAF *vs.* GEORGE GROUNDER.

### Franklin. Opinion March 15, 1894.

*Mortgage, for support.    Sale of mortgagor's interest.    Possession.*

A mortgagor's interest in real estate may be seized and sold on an execution against him.    But when the mortgage is given to secure the support of the mortgagee and his wife during life, and the support is to be furnished by the mortgagor on the premises mortgaged, the purchaser's right to the possession is postponed till the condition has been performed or otherwise extinguished.

ON REPORT.

This was an action of forcible entry and detainer tried in the Municipal Court of the town of Farmington, Franklin County. Judgment was rendered for the plaintiff, and the defendant appealed to this court sitting at *nisi prius.*

The facts appear in the opinion.

*O. E. Greenleaf and J. C. Holman,* for plaintiff.

Only question is one of title.    *Abbott* v. *Norton,* 53 Maine, 158.    Plaintiff has a right to immediate possession.    *Dyer* v. *Chick,* 52 Maine, 350.

It is not necessary that the defendant be a tenant; it is sufficient if he be a disseizor.    *Baker* v. *Cooper,* 57 Maine, 388. Forcible entry may be maintained against a disseizor who has not acquired any claim by possession and improvement.    R. S., c. 94, § 1.    No such claim is here made by the defendant. When real estate is legally levied upon, the creditor may maintain forcible entry and detainer against the debtor if he continue in possession without the creditor's consent.    *Baker* v. *Cooper,* *supra.*

Forcible entry and detainer being now chiefly a statutory provision, the plaintiff submits that the provisions of the statutes have been met and fulfilled; and the plaintiff is entitled to judgment against the defendant, as whatever rights or privileges he may have had were purchased by the plaintiff at the sheriff's sale, and conveyed to him by sheriff's deed.

*H. L. Whitcomb,* for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

WALTON, J.    This is an action of forcible entry and detainer to obtain the possession of a farm. It is defended upon the ground that the character of the plaintiff's title is such that he is not yet entitled to the possession. The facts are these: Benjamin Lowell was formerly the owner of the farm. It was his homestead. In 1887, November 19, he conveyed the farm to the defendant, taking back a mortgage to secure a bond for his and his wife's support during life. The support was to be furnished by the defendant on the farm conveyed to him. In 1891, October 19, the defendant's interest in the farm was sold on an execution against him, and the plaintiff purchased it. Mr. Lowell is dead, but his wife survives and is being supported by the defendant on the farm in question.

The defendant contends that his obligation to support Mrs. Lowell is personal; that it cannot be assigned to another; that it obliges him to support her on the farm conveyed to him by her husband; and that while this obligation is resting upon him, he cannot be ousted or evicted, and Mrs. Lowell's as well as his own home be thus broken up.

We think the defendant's contention is sound. We regard it as settled law that, when one conveys his homestead upon the condition that he and his wife shall continue to have a home upon it, and be there supported by the grantee, and the obligation of the grantee to thus support them is secured by a contemporaneous mortgage upon the premises, the character of the grantee's possession is more like that of a servant than an owner, and he cannot be ousted or evicted by a purchase of his title, without the consent of the persons entitled to such support. The possession is more theirs than his, and without their consent, neither he nor they can be ousted or evicted. *Bryant* v. *Erskine*, 55 Maine, 153, and cases there cited. The mortgagor's interest may be sold, (*Bodwell Granite Co.* v. *Lane*, 83 Maine, 168,) but the purchaser's right of possession must be postponed till the mortgagee's rights are extinguished.

This conclusion is not in conflict with the decision in *Wilson* v. *Wilson*, 38 Maine, 18. In that case, neither the person by whom nor the place at which the support was to be furnished was mentioned in the agreement. In this case, both are mentioned and stipulated for. This latter fact is the foundation on which our decision rests.          *Judgment for defendant.*